## United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7225 | **DATE** | May 25, 2011 |
| **CASE TITLE** | Met Int'l Inc. v. Atlas Air Inc. et al. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Defendants' Motions to Transfer (doc. # 32, 36, 39). The Clerk of the Court is direct to transfer the case file to the Eastern District of New York.

■[ For further details see attached below.]   Docketing to mail notice.

## STATEMENT

Met International, Inc. (Met) sued various shipping companies in the Circuit Court of Cook County after computers that it ordered vanished from the airport upon arrival. The Defendants removed the case to this Court and now ask the Court to transfer the case to the Eastern District of New York, arguing that it is the more convenient forum.

Met International, Inc. contracted with Toshiba American Information Systems for the door-to-door carriage of numerous notebook and laptop computers. Sometime later, Met subcontracted with Atlas International, Inc. (the first Defendant) to transport the computers, packaged in 38 skids (totaling 2,240 computers), from China to Kennedy International Airport (JFK) in New York. The computers were delivered to Atlas's airplane in Shanghai China and put on 7 "air pallets" or "unit load devices." The next day, Atlas transported the shipment to JFK, where Swissport Cargo Services, Inc. (the second Defendant) unloaded the computers and delivered them to Alliance Ground International (the third Defendant), which handled and held cargo for Atlas at JFK. But only 2 of the 7 ULDs arrived at Alliance's holding area. A search quickly uncovered 4 of the missing ULDs, and Alliance completed a report documenting the deficiency.

Although the missing ULD appears to later have been found, computers were missing from that ULD. Toshiba then successfully filed a claim with its insurer, who sued Met for breaching the contract it had with Toshiba in transporting the computers. Met settled the insurer's claim and now seeks to recover from the three subcontractors who temporarily lost custody of the shipment of computers.

The Defendants argue that the Eastern District of New York is a more convenient forum and ask the Court to transfer the case to that District. Section 1404(a) provides a court with discretion to transfer a case to another forum where it could have been brought for the convenience of parties and witnesses and the interests of justice. 28 U.S.C. § 1404(a). The statutory language of § 1404(a) is sufficiently broad to adjudicate motions to transfer on the particular facts of individual cases without rigid adherence to a set of factors. *Research Automation v. Schrader-Bridgeport Int'l*, 626 F.3d 937, 977-78 (7th Cir. 2010). When assessing the convenience to the parties, courts typically examine the plaintiff's choice

in forum and reasons for that choice, the parties' access to and availability of witnesses in each forum, the location of material events, and the parties' access to sources of proof and resources. *Id.* at 978. In determining the interests of justice, courts look to administrative factors such as docket congestion, courts' familiarity with the law, the desirability of resolving controversies in each forum, and the relationship of each community to the controversy. *Id.*

When a plaintiff chooses its home forum, it is reasonable to assume that choice is convenient. *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 803 (7th Cir. 1997). Met has chosen to litigate in its home forum, and so that factor weighs against transfer. However, Met's choice in forum is not dispositive, and if the other factors suggest that trial in another forum would be more convenient, transfer is appropriate. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 n.23 (1981).

The parties, respectively, employ witnesses who reside in (or within 100 miles of) the Northern District of Illinois or the Eastern District of New York. These employee witnesses, as employees, are under the control of the parties themselves. Most of the witnesses, however, are employees of the Defendants, and so this factor weighs slightly in favor of transfer. The Defendants, however, point to several non-party witnesses, all of whom work in New York in connection with JFK and many of whom reside in the Eastern District of New York. Some of these witnesses are detectives or police officers who investigated the missing ULD. Others are employees of the company that was to transport the computers from Alliance's holding area. Met argues that the non-party witnesses "have no first hand information relevant to the central issue," namely which of the three Defendants had possession of or responsibility for the computers at the time of the alleged loss. Met suggests that each of the non-party witnesses investigated the missing computers only *after* they were lost. But investigations always occur after a loss, and the central task of the investigator is to reconstruct a chain-of-events from the bits and pieces of material that are gathered during the investigation. Thus, it does not follow that simply because the non-party investigators were not present at the time of loss that they would not give relevant testimony concerning the dispute between the parties. Further, if the dispute is really not a dispute between it and the three Defendants, but one amongst only the Defendants, as Met argues that it is, then the importance of its witnesses and its interest in a convenient forum is also diminished. Put another way, if all that needs sorting out is which of the three Defendants is responsible for the loss, then Met has little interest in the forum in which that is accomplished. Because several non-party witnesses are employed in New York, the Court finds that the Eastern District of New York is more convenient for those witnesses.

In addition, all of the material events involved in this dispute occurred in the Eastern District of New York. The principal question to be answered is who was in possession of the computers when they were lost, and because the computers were lost in the Eastern District of New York that is the forum in which the material events occurred. In fact, nothing material occurred in the Northern District of Illinois. The fact that the material events all occurred in the Eastern District of New York makes that forum substantially more convenient. *Research Automation*, 626 F.3d at 978 (holding that transfer to district on the basis that all material events occurred in transferee district was appropriate).

With regard to relative access to sources of proof, the documents that have been created can easily be transported to either district and so that factor weighs neither for nor against transfer. *Prokop v. Stonemor Partners, LP*, No. 09 C 4323, 2009 WL 3764103, at *4 (N.D. Ill. Nov.9, 2009). Despite the fact that Met has chosen its home forum to litigate this matter, on the whole the Eastern District of New York is the more convenient forum largely because of the location of material events and convenience to non-party witnesses.

The interests of justice also suggest that the Eastern District of New York is the more convenient forum. This case does not present a complex legal question and neither the Eastern District of New York nor this District has any greater familiarity with the applicable law. Similarly, both the Eastern District of New York nor this District bring cases to resolution in roughly the same amount of time. Those factors then weigh neither for nor against transfer. However, only the Eastern District of New York has any relation to the events giving rise to this litigation. All of the underlying events occurred in that District and thus the interests of justice favor transfer to that District. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 962 (N.D. Ill. 2000). Moreover, the compulsory process is available for many of the non-party witnesses in the Eastern District of New York and is not available in this District.

The Court finds that the Eastern District of New York is clearly the more convenient forum and GRANTS the Defendants' Motion to Transfer.